Salvador Sandoval **RAMIREZ**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–75986.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 21, 2007.

Alisa S. Thomas, Law Offices of Alisa S. Thomas, Santa Cruz, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Salvador Sandoval–Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision adopting and affirming an immigration judge's denial of his application for cancellation of removal for failure to establish exceptional and extremely unusual hardship to his two United States citizen children and his lawful permanent resident parents. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition for review.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review the discretionary determination that Sandoval–Ramirez failed to meet the hardship requirement of 8 U.S.C. § 1229b(b)(1)(D). *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005).

We have jurisdiction to consider colorable constitutional claims. *Id.* at 930. Sandoval–Ramirez contends that the immigration judge violated his due process right to a full and fair hearing by refusing to consider the other requirements, beyond hardship, for cancellation of removal; by denying his request for a continuance so that his father could testify; and by failing to conduct an aggregate analysis of the hardship that would befall all of his qualifying relatives.

We lack jurisdiction to consider the denial of the continuance because Sandoval–Ramirez did not exhaust administrative remedies by raising this issue before the Board. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

Sandoval–Ramirez's other due process claims are not colorable. There is no requirement that the agency analyze non-dispositive matters, and a difference of opinion as to the weight a piece of evidence should be given is not a colorable due process claim. *See INS v. Bagamasbad,* 429 U.S. 24, 25, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976) (per curiam); *Martinez–Rosas,* 424 F.3d at 930. We therefore dismiss the petition for review for lack of jurisdiction.

**PETITION FOR REVIEW DISMISSED.**